IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT A.,[1]

               Plaintiff,

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

No. 1:21-cv-01673-MO

OPINION & ORDER

MOSMAN, District Judge:

    This matter comes before me on Plaintiff Scott A.'s Complaint [ECF 1] against

Defendant Commissioner of the Social Security Administration. For the reasons given below, I

AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

1 – OPINION & ORDER

**PROCEDURAL BACKGROUND**

In July 2018, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of

the Social Security Act, alleging disability beginning May 31, 2014. Tr. 381-87. The Social

Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 300-12.

Plaintiff appeared *pro se* before Administrative Law Judge ("ALJ") MaryKay Rauenzahn in

February 2020. Tr. 251-67. On September 24, 2020, the ALJ issued a decision denying

Plaintiff's claims for benefits. Tr. 8-27. Plaintiff filed an appeal, and the Appeals Council denied

review. Tr. 1-7.

**THE ALJ'S FINDINGS**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since May 31, 2014, the alleged onset date. Tr. 13. At step two, the ALJ found the following

severe, medically determinable impairments: cervical, thoracic, and lumbar degenerative disc

disease; right shoulder degenerative disc disease; headaches/migraines; neuropathy; obstructive

sleep apnea; obesity; posttraumatic stress disorder ("PTSD"); major depressive disorder; and

anxiety. Tr. 14. At step three, the ALJ found no impairments that met or equaled the severity of

any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14. The ALJ assessed

Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work in that he can lift and carry 20 pounds occasionally and 10
> pounds frequently, and can stand and/or walk for approximately 6 hours and sit
> for approximately 6 hours, in an 8-hour workday, with normal breaks. The
> claimant cannot climb ladders, ropes and scaffold and can occasionally climb
> stairs and ramps. The claimant can occasionally stoop, kneel and crouch, but
> cannot crawl. He can occasionally reach overhead with the bilateral upper
> extremities and frequently handle and finger with the right upper extremity. The
> claimant should have no exposure to moving mechanical parts and high,
> unprotected place hazards, as rated by the Dictionary of Occupational Titles
> (DOT). The claimant can understand, remember and carry out simple, routine and
> repetitive instructions and tasks. The claimant is limited to no direct public
> contact and occasional direct coworker and supervisor interaction and no group

tasks. (There is no limit on incidental contact.) Hearing protection should be available if working in an area with greater than moderate level noise. The claimant should perform only low stress work, which is defined as requiring only occasional changes in work setting, occasional changes in work duties and occasional work related decision making.

Tr. 15-16.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 20. At step five, the ALJ found that Plaintiff retained the ability to perform other jobs in the national economy. Tr. 20-21. The ALJ therefore found Plaintiff not disabled from the alleged onset date of May 31, 2014, through September 24, 2020, the date of the ALJ's unfavorable decision. Tr. 21.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises one issue with the ALJ's decision. He contends that the ALJ unreasonably discounted his symptom testimony without clear and convincing reasons for doing so.

## I.    Subjective Symptom Testimony

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

Plaintiff testified that he was unable to work due to anxiety, pain in his neck, lower back, shoulders, and right ankle. Tr. 257. He attempted to work after military discharge, but it exacerbated his anxiety; he had a panic attack after a customer got too close to him. Tr. 257-58.

He experienced anxiety, depression, and anger issues. Tr. 258. When asked how he typically spent his days, Plaintiff responded, "I just pretty much keep to myself and just I'm trying to deal with my depression and everything right now and just – I just – there's days I can't talk to my family or I just avoid people, all together." Tr. 259. He had to force himself to do things around the house. Tr. 260. He played videogames for an hour or two at a time "[e]very so often." Tr. 260. He went hunting in September or November 2019. Tr. 261. He also played cards every other weekend or once a month during family get-togethers. Tr. 261.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 17. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 17. Specifically, the ALJ found Plaintiff's symptom allegations were inconsistent with the objective medical evidence and treatment history, inconsistent with his activities of daily living, and that Plaintiff's conditions improved with treatment.

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)(emphasis in original); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

The ALJ reasonably discounted Plaintiff's testimony about back, neck, shoulder, and ankle pain as inconsistent with the record. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that he was unable to work due to pain in his neck, lower back, shoulders, and right ankle. Tr. 257. The ALJ noted that Plaintiff's "mild" x-rays and MRIs of his spine and shoulder undermined this testimony. Tr. 17, 510-13, 794, 1071. The ALJ further highlighted that Plaintiff had at worst mild limitations in range of motion of the neck or lumbar spine per physical therapy records, and cited a November 26, 2018 treatment note that showed full range of motion and motor function in Plaintiff's back. Tr. 17 (citing Tr. 898-90, 1108-19, 1002-05). Likewise, Plaintiff's alleged pain did not significantly affect his ability to walk, as there were no noted gait abnormalities, from back pain or otherwise; Plaintiff testified that he could walk "several miles" before needing a rest. Tr. 442. Plaintiff also alleged partial numbness in the left shoulder through the fingers and that it was hard to lift more than five pounds because of pain (Tr. 437, 798), but the ALJ noted that electrodiagnostic testing and physical examinations showed only "slight" findings in the fingers, thumb, and elbow and in left grip strength. Tr. 17, 733, 798-802. Ultimately, the ALJ's decision to discount Plaintiff' testimony about these symptoms was clear, convincing, and supported by substantial evidence.

### B.    *Improvement with Treatment*

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20

C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

The ALJ reasonably concluded that Plaintiff's mental health symptoms, back and neck pain improved with treatment, which undermined his hearing testimony concerning the severity of those symptoms. Although Plaintiff complained that he was unable to work due to his back and neck pain (Tr. 257), the ALJ noted that Plaintiff reduced his back and neck pain with physical therapy and acupuncture over time. Tr. 17, 898-934, 1138-56, 1108-31, 1196-1200. In 2017, Plaintiff continued to have some pain but was "getting better." Tr. 933. Despite some pain, by late 2019, Plaintiff reported he had been "doing OK for the last few years" and was "making good progress." Tr. 1108, 1121. By November, 2019, Plaintiff had become more active, with "decreased pain overall." Tr. 1127. The ALJ also noted that, while Plaintiff's self-reports and mental status examinations concerning Plaintiff's mental health limitations varied, they also improved during treatment and did not match up with the severity of Plaintiff's testimony. Tr. 18, For instance, mental status examinations at times noted "problematic" memory, while at other times memory was "grossly intact." Tr. 15, 631-39, 754-58, 1030-34. The ALJ also cited Nathan C. Hantke, Ph.D.'s June 2018 psychological evaluation, which found Plaintiff cooperative and oriented with normal mood and affect. Tr. 18, 738-46. This is another clear and convincing reason, supported by substantial evidence, and the Court therefore upholds the decision to discount Plaintiff's testimony on the basis that his symptoms improved with treatment.

Plaintiff argues that the ALJ erred by identifying discrete periods of improvement to undermine his testimony, in a health history where Plaintiff's symptoms fluctuated up and down.

ECF No. 19 at 9. As Plaintiff notes, the Ninth Circuit has emphasized that, especially concerning

mental health issues, "it is error to reject a claimant's testimony merely because symptoms wax

and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a

common occurrence . . . ." *Garrison*, 759 F.3d at 1017-18 (internal citations omitted). The ALJ

recognized that Plaintiff's symptoms ebbed and flowed, but concluded that the evidence of

improvement within those fluctuations undermined the otherwise debilitating picture Plaintiff

painted in his testimony. Ultimately, the ALJ's reasoning has the "power to convince" *Smartt v.*

*Kijakazi,* 53 F.4th at 499, and substantial evidence supported her decision to discount Plaintiff's

testimony on this basis. The Court upholds the ALJ's decision to discount Plaintiff's symptom

testimony based on evidence that his symptoms improved with treatment.

     C.    *Daily Activities*

     The ALJ also reasonably discounted Plaintiff's subjective symptom testimony about his

back, neck, and shoulder pain because it was inconsistent with his reported daily activities. Tr.

257. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in

two ways: (1) as evidence a claimant can work if the activities "meet the threshold for

transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*,

495 F.3d at 639. The relevant regulations require an ALJ to consider a claimant's daily activities

when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i),

416.929(c)(3)(i). The Ninth Circuit has even found such routine activities as playing video

games, using public transportation, and preparing meals to undercut a claimant's testimony of

disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

     The ALJ identified several aspects of Plaintiff's routine that undermine the testimony

about his symptoms. At the hearing, Plaintiff testified to pain in the low back, neck and

shoulders and that he could not lift more than five pounds. Tr. 16, 257, which the ALJ

reasonably concluded conflicted with his other testimony about working at the RV resort where

he lived. *See, e.g.,* Tr. 13, 748-49. And, even when activities do not show transferable work

skills, they "may be grounds for discrediting the claimant's testimony to the extent that they

contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13

(9th Cir. 2012). The ALJ reasonably contrasted Plaintiff's ability to work and walk "several

miles" with his testimony that he was unable to work due to pain in his neck, lower back,

shoulders, and right ankle. Tr. 16. Plaintiff's testimony about other physical activities that

required more mobility and exertional ability than he has alleged being capable of, including

shopping in stores, driving, washing dishes, doing laundry, and vacuuming further undermined

his testimony about the severity of his pain. Tr. 439.[2] The ALJ rationally found that these

activities, while limited, undermined Plaintiff's allegations of disability and substantial evidence

therefore supported the ALJ's decision to discount his allegations of debilitating back, neck, and

shoulder pain.

---

[2] Plaintiff argues the ALJ did not spell out these activities in full detail in her decision, and that this basis for discounting his subjective symptom testimony is an impermissible *post hoc* rationalization. Pl. Reply, ECF No. 24 at 2 (citing, *inter alia*, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (explaining that the Court is "constrained to review the reasons the ALJ asserts")). In her decision, the ALJ recited several of Plaintiff's "[d]aily activities" in the context of reviewing the support for Plaintiff's testimony, several of which conflicted with the symptoms Plaintiff reported at the hearing. *See* Tr. 16-17. This was part of the ALJ's decision—not a rationale raised after the fact by the Commissioner—and therefore fair game for this Court's review.

And even if there was error here, the error is harmless. Without taking Plaintiff's daily activities into account, there was still substantial evidence to support the ALJ decision to discount Plaintiff's symptom testimony. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115.

The ALJ also reasonably discounted Plaintiff's testimony concerning mental health impairments because they conflicted with evidence of Plaintiff's daily activities. At the hearing, Plaintiff testified that he had concentration issues and difficulty getting along with others (Tr. 15, 257-58, 442), but the ALJ highlighted other activities that suggested Plaintiff exaggerated these symptoms. Tr. 15. For example, Plaintiff could pay his bills, handle a savings account, and use a checkbook. Tr.16, 440. He was able to sustain focus for playing video games for up to two hours (Tr. 16, 260), and played in a biweekly card game. Tr. 17, 261. Plaintiff's ability to live with his nephew; his week-long hunting trips with his dad, nephew, and brother; his ability to shop in stores alone; and his monthly family dinners, also suggest he is capable of work if given some reduced mental functional limitations, just as the ALJ assessed. Tr. 16, 261. All these activities have some element of concentration or social interaction that undermined Plaintiff's testimony. In sum, the ALJ reasonably identified daily activities that conflicted with Plaintiff's testimony about mental health limitations, and her decision to discount Plaintiff's testimony about those limitations was supported by substantial evidence. This was another clear and convincing reason for the ALJ to discount Plaintiff's subjective symptom testimony.

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED: _8/30/23_.

_____
MICHAEL W. MOSMAN
United States District Judge